**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ASEGURADORA COLSEGUROS S.A.,**
**n/k/a ALLIANZ SEGUROS S.A. a/s/o**
**SIEMENS SOCIEDA ANONIMA,**

      **Plaintiff,**

**v.**                                 **Case No:   6:15-cv-979-Orl-31DAB**

**REINHAUSEN MANUFACTURING,**
**INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 35) filed by the Defendant, Reinhausen Manufacturing, Inc. (henceforth, "Reinhausen) and the response in opposition (Doc. 41) filed by the Plaintiff, Aseguradora Colseguros, S.A. n/k/a Allianz Seguros, S.A. (henceforth, "Allianz").

### I.    Background

According to the allegations of the Second Amended Complaint (Doc. 31), which are accepted in pertinent part as true for purposes of resolving the instant motion, this is a subrogation action stemming from an explosion at a Kissimmee Utility Authority (henceforth, "KUA") facility.   Siemens Socieda Anonima (henceforth, "Siemens") manufactured a transformer (henceforth, the "Transformer") and sold it to the KUA.   (Doc. 31 at 2-3).   Allianz issued a liability policy to Siemens.   (Doc. 31 at 2).   Reinhausen manufactured a voltage-regulation device referred to as an "on-load tap charger" (henceforth, the "LTC") and sold it to Siemens, which attached it to the Transformer when it was installed in the KUA facility.   (Doc. 31 at 2).

After KUA experienced problems with the LTC, KUA notified Siemens, and representatives from both Siemens and Reinhausen went to the facility to investigate the problem. (Doc. 31 at 3).    A Siemens representative informed a Reinhausen representative that the Transformer could only be operated if the LTC was left in a "neutral" position and that a failure to do so could cause an explosion.   (Doc. 31 at 3-4).   Despite this, a Reinhausen representative repeatedly switched the LTC from the "neutral" position, and the LTC exploded.   (Doc. 31 at 4). The explosion damaged both the LTC and the Transformer.   (Doc. 31 at 4).   KUA made a claim for the resulting damages to Siemens.   (Doc. 31 at 4).   Siemens notified Allianz, which investigated the claim, determined that it was covered under the policy it had issued to Siemens, and paid $2 million to KUA.   (Doc. 31 at 5).   Allianz now seeks to recover some or all of that $2 million payment from Reinhausen.

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The Court must also limit its consideration to the pleadings and any exhibits attached thereto.   FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis**

By way of the instant motion, Reinhausen seeks dismissal of each of the seven claims asserted in the Second Amended Complaint. Those seven claims will be discussed in turn.

In Count I, Allianz asserts a claim for common law indemnification. To state a claim for common law indemnity, a party must allege that it is without fault, that another party is as fault, and that a special relationship exists between the two parties that makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts and omissions of the other party. *Houdaille Industries, Inc. v. Edwards*, 374 So. 2d 490, 492-93 (Fla. 1979). Reinhausen contends that Count I should be dismissed because Allianz has failed to plead facts that would establish the existence of the requisite "special relationship" between itself and

- 3 -

Siemens.  (Doc. 35 at 4).  In response, Allianz asserts that general contractors may sometimes be entitled to indemnification from independent contractors and cites to cases establishing this proposition.  (Doc. 41 at 4).  However, Allianz has not pled that the relationship between its subrogee and Reinhausen was one of general contractor and independent contractor.  Accordingly, the cases it cites do not aid its case, and this claim will be dismissed without prejudice.

In its next count, as an alternative to the relief sought in Count I, Allianz seeks contribution pursuant to Fla. Stat. § 768.31 *et seq.*, Florida's Uniform Contribution Among Tortfeasors Act.  Reinhausen seeks dismissal of this count on the grounds that (1) Allianz has failed to specify the date of its payment to KUA, which would establish that the limitations period set forth in the statute has not run, and (2) because Allianz has not pled facts establishing that its payment extinguished Reinhausen's liability to KUA, as required under the statute.  (Doc. 35 at 5).  However, Reinhausen has not cited any case law identifying an obligation on the part of a plaintiff seeking statutory contribution to plead compliance with the limitations period or the extinguishing of the joint tortfeasor's liability.  The motion will be denied as to Count II.

As to Count III, in which Allianz asserts an equitable subrogation claim, Reinhausen argues that dismissal is required because it is unclear whether the payment to KUA paid off the entire amount it was owed.  (Doc. 35 at 6).  Unlike the case with regard to the contribution claim, case law establishes that extinguishing of the entire debt is a prerequisite to an equitable subrogation claim.  *See, e.g.*, *Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999) (stating that equitable subrogation is generally appropriate where "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the

entire debt, and (5) subrogation would not work any injustice to the rights of a third party."). However, in Count III, Allianz pled that its payment "paid off the entire debt owed to claimant." (Doc. 31 at 8). The motion will be denied as to Count III.

Skipping ahead to Count VI, in which Allianz asserts a negligence claim, Reinhausen argues that its representative(s) must have been working on the LTC pursuant to some contract with Siemens, and that the existence of this contract requires that Allianz plead that Reinhausen had a tort duty independent of any contractual duties it owed. (Doc. 35 at 8). Without addressing the legal merits of Reinhausen's argument, the Court notes that Allianz does not assert, in Count VI, that any contract existed between Siemens and Reinhausen. Accordingly, this argument – which is predicated on the existence of such a contract – must fail.

Reinhausen also argues that the economic loss rule bars any negligence claim. (Doc. 35 at 8). More particularly, Reinhausen asserts that the item it sold to Siemens – the LTC – was incorporated into the Transformer, and the economic loss rule bars negligence claims where a product destroys itself. (Doc. 35 at 8). Again, without addressing the merits of Reinhausen's legal argument, the Court notes that Allianz pled in the Second Amended Complaint that the LTC "was not incorporated into the Transformer but rather was connected to the Transformer in order to give KUA the ability to regulate the voltage under load without having to shut the Transformer down." (Doc. 31 at 3). Thus, Reinhausen's alternative argument as to Count VI fails.

Count V consists of a claim for "gross negligence."[1] (Doc. 31 at 10-11). Reinhausen argues that, under Florida law, such a claim is redundant of a regular negligence claim unless it is

---

[1] "To state a cause of action based on gross negligence the plaintiff must allege ultimate facts which show: 1) a composite of circumstances which together constitute a clear and present danger; 2) an awareness of such danger; and 3) a conscious, voluntary act or omission which is likely to result in injury."

needed to "meet some legal threshold that requires more than mere negligence," such as overcoming workers' compensation immunity.  (Doc. 35 at 10).  However, while a finding of gross negligence may be used to clear such thresholds, the cases cited by Reinhausen do not establish that such a claim may *only* be asserted where such a threshold must be overcome.  A finding of gross negligence has at least one other purpose aside from clearing such thresholds: Under Florida law, a defendant may only be held liable for punitive damages "if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or *gross negligence*."  Fla. Stat. § 768.72 (emphasis added).  At this stage of the proceedings, it is not clear that the gross negligence claim asserted in Count V is redundant of the negligence claim in Count VI, and therefore the motion will be denied as to Count V as well.

Reinhausen argues that Count VII, a breach of contract claim, must be dismissed because Allianz has not pled the required elements.  Under Florida law, to state a claim for breach of contract, a plaintiff must plead the existence of a contract, a material breach, and damages.  *See, e.g.*, *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003).  Allianz has satisfied these requirements.  Reinhausen makes the same argument in regard to Count IV, which asserts a claim for breach of an oral contract.  Again, Allianz has satisfied the minimal requirements to state a claim for breach of an oral contract.  The motion will be denied as to both of the contract claims.

---

6 Fla. Prac., Personal Injury & Wrongful Death Actions § 2:12 (2014-2015 ed.).

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 35) is **GRANTED IN PART AND DENIED IN PART.**   Count I is **DISMISSED WITHOUT PREJUDICE**.   In all other respects, the motion is **DENIED.**   If the Plaintiffs wishes to attempt to correct the deficiency in Count I, it may file an amended pleading on or before October 14, 2015.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 29, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party